IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01341-CNS-NRN

CODY ERBACHER,

Plaintiff,

v.

CITY OF FORT COLLINS and
JASON HAFERMAN;

Defendants.

## ORDER ON DISCOVERY DISPUTE RELATING TO MENTAL HEALTH THERAPY RECORDS

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter came before the Court on a discovery dispute on November 21, 2024. One of the issues addressed was mental health or therapy records of Defendant, Jason Haferman, a former police officer for the City of Fort Collins (the "City"). The Joint Discovery Dispute Statement relating to the issues raised at the hearing is found at ECF No. 80-1.

Plaintiff became aware that Defendant Haferman was receiving ongoing mental health therapy for PTSD and anxiety, conditions some of his co-workers believed were hindering his ability to do his job properly. Plaintiff asked for production of "all records in the City's possession that relate to former Officer Haferman's job suitability/fitness for duty, his treatment (if any) for his PTSD or anxiety, and complete copies of any Haferman psychological evaluations or assessments." ECF No. 80-1.

At the November 21, 2024 hearing, the Court directed the City to file the requested records under level 2 restriction, allowing for in camera review, following which the Court would issue an order.

On December 5, 2024, the Court had a follow-up discovery conference regarding documents that had been submitted under restriction, found at ECF Nos. 82, 83, and 88. At the conclusion of the hearing, the Court ordered that certain documents—those found in ECF Nos. 82 and 83—be produced to Plaintiff as confidential and "attorneys eyes only." These were documents referencing Defendant Haferman's mental health condition or treatment that had been in the possession of the City of Fort Collins Police Department (the "Police Department") and were arguably relevant to the *Monell* claims in this case. As to the restricted documents at ECF No. 88, the Court took the issue under advisement. *See* ECF No. 100.

The Court has now reviewed *in camera* the materials submitted at ECF No. 88. These were medical records of Defendant Haferman that had not been in the possession of the City or its Police Department. These medical records include mental health therapy records of Defendant Haferman.

Defendant Haferman's counsel argues that these records cannot be relevant to pending *Monell* claim because the neither City nor the Police Department knew their contents. In addition, Defendant Haferman maintains that, notwithstanding any potential marginal relevance of documents, the records should be protected from discovery based on Defendant Haferman's privacy interests and the psychotherapist-patient privilege.

2

In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the United States Supreme Court recognized a psychotherapist-patient privilege under Rule 501 of the Federal Rules of Evidence. In *Jaffe*, the defendant police officer had shot and killed an individual to prevent the stabbing of another person. The decedent's family sued the officer alleging constitutional violations and seeking damages. After the shooting, the officer sought counseling from a licensed clinical social worker. The plaintiffs sought to obtain information regarding the substance of the counseling sessions. The defendant refused, citing psychotherapist-patient privilege. The Supreme Court noted that the psychotherapist-patient privilege, like the attorney–client and spousal privileges, flows from society's desire to facilitate certain relationships of confidence and trust. *Jaffee*, 518 U.S. at 10.

> Effective psychotherapy . . . depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communication made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede disclosure of the confidential relationship necessary for successful treatment.

*Id.* Per the Supreme Court, these are the important societal interests the psychotherapist-patient privilege works to protect.

So it is in this case and with these particular documents. Defendant Haferman was a seeing a therapist to address his anxiety and the PTSD that arose from his work as a police officer. The potential disclosure of such records might have the adverse consequence of discouraging others in Defendant Haferman's situation from seeking counseling or therapy. The materials are covered by the psychotherapist-patient privilege which is recognized under Rule 501. *See Id.* In addition, the Court finds these

3

documents are not relevant to any claim or defense because the City and the Police Department did not have access to them and therefore did not know their contents. There is other evidence, including testimony and internal Police Department documents, which may show the Police Department's knowledge of Defendant Haferman's mental or emotional struggles. But the documents at issue in this discovery dispute, found at ECF No. 88, are not relevant, are privileged, and need not be disclosed.

**SO ORDERED,**

Date: January 10, 2025

_____
N. Reid Neureiter
United States Magistrate Judge